Dear Mr. Newell and Ms. Lincoln-Buggs:
You have asked this office to advise whether an elected member of the Haynesville City Council may also be employed by the Haynesville Housing Authority.
While you ask in general if an elected council member may be "employed" by the housing authority, we note there are number of positions which may be held with the housing authority. For example, an individual who holds the position of executive director does not hold "employment" for purposes of the dual officeholding law; rather he holds an "appointive office", as discussed below.
Other individuals do hold positions of "employment" as defined by the dual officeholding law. Those individuals who are excluded from the definition of "employment" are those professional employees employed on a contract basis.
Identifying the correct nature of the position is essential for purposes of applying the provisions of the Dual Officeholding and Dual Employment Laws, R.S. 42:61, et seq. R.S. 42:63(D) provides that one is prohibited from holding concurrently the local elective office of city councilman and a full-time appointive office in any political subdivision. While one is also prohibited from holding employment in the same political subdivision in which he holds elective office, R.S. 42:63(D) does *Page 2 
not prohibit one from holding local elective office and employment inseparate political subdivisions of the state. R.S. 42:63(D) states:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold
another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court. (Emphasis added).
For purposes of dual-officeholding, an "appointive office" is defined by R.S. 42:62(2), as follows:
 (2) "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
The position of Executive Director of the housing authority constitutes an "appointive office" for the purposes of dual-officeholding. The position is "specifically established . . . by the laws of this state" and is "filled by appointment . . . by a governmental body" pursuant to R.S. 40:539(C)(1), which provides:
 C. (1) The authority shall select a secretary who shall be the executive director and chief executive and administrative officer of the authority. He shall serve at the pleasure of the authority. The authority shall fix the compensation of the executive director.
We attach for your review Attorney General Opinions 06-0019, 99-357, 95-178, 96-176, and 96-149, all of which conclude that the executive director of a housing authority holds an appointive office. *Page 3 
Because of the prohibition contained in R.S. 42:63(D), a councilman is prohibited from holding the full-time appointed position of executive director of the housing authority.
As mentioned, R.S. 42:63(D) would prohibit a councilman from being employed by the municipality, as the language of the statute prohibits one from holding employment in the same political subdivision in which he holds elective office. R.S. 42:63(D) does not prohibit one from holding local elective office and employment in separate political subdivisions of the state. R.S. 42:62 sets forth the following pertinent definitions:
 (3) "Employment" means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof.
 * * * * * (9) "Political subdivision" means a parish, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition for the purposes of this Part, mayor's courts, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, and all other elected parochial officials shall be separate political subdivisions.
A housing authority is a political subdivision of the state. R.S.40:384(16) states:
 (16) "Local housing authority" or "authority" means a public body, corporate and politic, previously established, or to be established, by a municipality or a parish pursuant to the authority provided in this Chapter, exercising necessary and essential governmental functions for the purposes stated in this Chapter in matters of statewide concern, although its operations are local in nature. It is a political subdivision of this state, independent from the municipality or parish which established or establishes it or which may appoint some or all of its commissioners. Any reference in this Chapter to a local housing authority shall also be deemed to include a "housing authority" or a "regional or consolidated housing authority" unless the context clearly otherwise requires. "Local housing authority" also includes any housing authority established under prior law." (Emphasis added). *Page 4 
Thus, because the municipality and the housing authority constitute separate political subdivisions of the state, the general dual-officeholding provisions do not prohibit the holding of both positions.
However, R.S. 40:539(8) is applicable to authority employees and states:
 (8) Except as provided in the Constitution of Louisiana and as may otherwise be authorized by the State Civil Service Commission, all employees of the authority, except authority members, the executive director, and one other employee whom the authority shall designate and employ, and except professional employees employed on a contract basis, shall be in the classified state civil service. (Emphasis added).
An employee of the authority "shall be in the classified state civil service". Because authority employees are civil service employees, state civil service rules and regulations should be reviewed to ensure that the simultaneous holding of the positions discussed is not prohibited. For further clarification regarding this issue, please contact Mr. Robert Boland, General Counsel, Louisiana Department of State Civil Service, P.O. Box 94111, Capitol Station, Baton Rouge, LA 70804-9111, phone 225-342-8272.
Note that R.S. 40:539(8) specifically excludes the position of executive director from the classified state civil service. Further, there is "one other employee whom the authority shall designate and employ" who is also excluded from the classified state civil service. The individual holding this position would not be prohibited by either the dual officeholding law nor by state civil service law from holding the position of elected council member.
Those professional employees employed on a contract basis do not fall within the category of persons subject to the dual officeholding law. An independent contractor does not hold public employment as defined by law. "An independent contractor, as opposed to a servant (employee), usually contracts to do a specific amount of work according to his own methods. The employer exerts little control over the action of the independent contractor. Mode of payment is not decisive in determining whether an employee is actually an independent contractor, though payment by the job indicates the existence of an independent contractor/employee relationship." See Attorney General Opinion 80-413, copy attached.
Finally, your question regarding the town's possible hiring of a council member's immediate family invokes application of the Code of Governmental Ethics. This office renders legal opinions concerning the application of the dual-officeholding law. Questions concerning the Code of Governmental Ethics should be *Page 5 
forwarded to the Louisiana State Board of Ethics, 2415 Quail Drive, Baton Rouge, LA 70808, phone 225-763-8777.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY:__________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL *Page 1 
78 Dual Officeholding
R.S. 42:61, et seq.; R.S. 42:63(D); R.S. 40:539(C)(1); R.S. 42:62(4)(5)
An elected parish councilman may not simultaneously hold full-time appointive office.
Mr. Garyland Wallis
Assistant Parish Attorney
Terrebonne Parish Consolidated Government
312 Bond Street, Suite "A"
Houma, LA 70360
Dear Mr. Wallis:
You presented the following legal question for our review:
 May a Terrebonne Parish Councilman also serve as Executive Director of the Houma-Terrebonne Housing Authority?
The provisions of the Dual Officeholding and Dual Employment Laws, R.S.42:61, et seq., govern our response. R.S. 42:63(D) is applicable and states:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold
another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. . . . (Emphasis added).
Thus, one is prohibited from holding concurrently the local elected office of parish councilman and a full-time appointive office in any political subdivision.
For purposes of dual-officeholding, an "appointive office" is defined by R.S. 42:62(2), as follows:
 (2) "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed *Page 2 
public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
We are of the opinion that the position of Executive Director of the housing authority constitutes an "appointive office" for the purposes of dual-officeholding. The position is "specifically established . . . by the laws of this state" and is "filled by appointment. . . by a governmental body" pursuant to R.S. 40:539(C)(1), which provides:
 C. (1) The authority shall select a secretary who shall be the executive director and chief executive and administrative officer of the authority. He shall serve at the pleasure of the authority. The authority shall fix the compensation of the executive director.
We attach for your review Attorney General Opinions 99-357, 95-178, 96-176, and 96-149, all of which conclude that the executive director of a housing authority holds an appointive office.
Because of the prohibition contained in R.S. 42:63(D), a councilman is prohibited from holding the full-time appointed position of executive director of the housing authority.
Further, Councilman Wayne Thibodeaux received a similar response in Attorney General Opinion 02-0142. This opinion is attached for your further review. Please note that in Opinion 02-0142, this office recalled Opinion 96-334, which you reference in your correspondence.
Finally, note that the law does not prohibit one from holding local elective office and part-time appointive office. "Full-time" and "part-time" are defined by R.S. 42:62(4) and (5) as follows:
 (4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
 (5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full time.
Thus, if the position of executive director is held on a part-time basis, the councilman may retain his elective office. If in fact the position is held on a full-time basis, Mr. Thibodeaux must decide whether to relinquish his elected office or his position with the housing authority. The question of whether he may contract with the authority once he resigns from his council position is made moot by his resignation. *Page 3 
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY:__________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL *Page 1 
An elected City Councilman may also hold the part-time appointed position as a director of the Ville Platte Housing Authority.
Mr. Bennett Baquet, Mayor
City of Ville Platte
Post Office Box 390
Ville Platte, Louisiana 70586
Dear Mayor Baquet:
This office is in receipt of your opinion request in which you ask if a member of the Ville Platte City Counsel may be appointed as Director of the Ville Platte Housing Authority?
You note that the city makes no monetary contributions and has no oversight of the housing authority. The Mayor however, appoints the five member board. Our response is governed by the following provision of Louisiana's Dual Officeholding and Dual Employment law stating:
 No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court. LSA-R.S. 42:63 (D)
The office of City Councilman is a local elective office. The appointment to the Housing Authority is a part-time appointive office. The Dual Officeholding statute quoted above prohibits one holding an elective office in a political subdivision of this state while holding a full-time appointive office in the government of a political subdivision. As an appointment to the Ville Platte Housing Authority is not a full-time appointive office, the prohibition is not applicable. Thus, it is permissible for an individual to hold the part-time appointive office of Commissioner of the Ville Platte Housing Authority and hold the elected office of City Councilman for the City of Ville Platte. Note that this opinion is in *Page 2 
concurrence with Attorney General Opinions 98-149 and 94-364 which have been attached for your convenience.
We hope the foregoing has sufficiently addressed your concerns. If our office can be of further service, please do not hesitate to contact us at your convenience.
 Very truly yours,
 RICHARD P. IEYOUB
 ATTORNEY GENERAL
 BY:__________________________
 J. RICHARD WILLIAMS
 ASSISTANT ATTORNEY GENERAL *Page 1 
53-1 HOUSING AUTHORITIES
78 OFFICERS — DUAL OFFICEHOLDING
LSA-R.S. 42:61, et seq.; LSA-R.S. 42:62; LSA-R.S. 40:495C(1); LSA-R.S.42:63(D)
The Executive Director of the Housing Authority of the City of New Iberia may not also hold local elective position of Trustee of the City of New Iberia.
Mr. John Jeffery Simon
City Attorney
301 East St. Peter Street, Suite 102
Post Office Box 9260
New Iberia, LA 70562-9260
Dear Mr. Simon:
Your opinion request of this date presents the following issue for our resolution:
 Does Louisiana law permit a person to simultaneously hold the position of Trustee of the City of New Iberia and Executive Director of the Housing Authority of New Iberia?
For purposes of the Dual Officeholding and Dual Employment Law, LSA-R.S.42:61, et seq., the position of Trustee is considered an elected, part time position. Further, note that the position of Executive Director of the Housing Authority of New Iberia is considered a full time appointive office. These conclusions are drawn after application of the definitional section of the Dual Officeholding and Dual Employment Law, contained in LSA-R.S. 42:62, providing in pertinent part:
 (1) "Elective office" means any position which is established or authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, which is not a political party office, and which is filled by vote of the citizens of this state or of a political subdivision thereof.
 (2) "Appointive office" means any office in any office in any branch of government or other position on any agency, board or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
 (3) "Employment" means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof. *Page 2 
 (4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
 (5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full-time.
The position of Executive Director is an appointive office "specifically authorized by the . . . laws of this state" pursuant to LSA-R.S.40:495C(1), providing:
 C. (1) The authority shall select a secretary who shall be the executive director and chief executive and administrative officer of the authority. He shall serve at the pleasure of the authority. The authority shall fix the compensation of the executive director.
Because the Executive Director works in excess of thirty-five hours per week, he is considered to hold a full time appointed position. State law prohibits a person from holding local elective office and a full time appointive office, as provided in LSA-R.S. 42:63(D):
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. . . (Emphasis added).
We conclude that the individual in question may not hold both positions concurrently.
 Very truly yours,
 RICHARD P. IEYOUB
 ATTORNEY GENERAL
 BY:__________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL *Page 1 
78 DUAL OFFICEHOLDING
LSA-R.S. 42:63D; LSA-R.S. 42:62; LSA-R.S. 40:495C(1)
The Executive Director of the Housing Authority of the City of Slidell may not simultaneously hold the elective office of police juror of Terrebonne Parish.
Ms. Greta Strange
Chairperson
Housing Authority of the City of Slidell
109 N. Randall Drive
Slidell, LA 70458
Dear Ms. Strange:
This office is in receipt of your recent opinion request where you ask us to consider if your executive director has violated the laws concerning dual officeholding. Specifically you ask the following:
 May the Executive Director of the Housing Authority of the City of Slidell also hold the elective office of Police Juror in Terrebonne Parish?
Your inquiry asks us to consider whether this situation violates the dual officeholding laws. The prohibitions that would possibly apply to the present situation are found in LSA-R.S. 42:63D, the applicable portion being:
 "No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof."
In order to determine whether this section applies, the two positions in question must be defined. According to LSA-R.S. 42:62, the following positions are defined as follows:
 (1) "`Elective office' means any position which is established by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof,. . . which is filled by vote of citizens of this state or a political subdivision thereof." *Page 2 
 (2) "`Appointive office' means any office in any branch of government or. . . any executive office of any agency, board, commission, or department which is specifically established by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a government body composed of such officials of this state or of a political subdivision thereof."
The position of police juror of Terrebonne parish is one that is created by law, and is filled by the vote of citizens within the parish the police jury serves, so it is clearly an "elective office" as defined in § 62(1).
The position of Executive Director of the Slidell Housing Authority is an `appointive office' created by the laws of the state of Louisiana, namely LSA-R.S. 40:495C(1), which states:
 "The authority shall select a secretary who shall be the executive director and chief executive and administrative officer of the authority. He shall serve at the pleasure of the authority. The authority shall fix the compensation of the executive director."
LSA-R.S. 42:63(D) prohibits this individual from holding a full-time appointive office while holding at the same time an elective office. As previously mentioned, it is presumed that the Executive Director of the Housing Authority holds an `appointive office', so he will be prohibited from holding it while serving as a police juror if the Executive Director is a full-time position. LSA-R.S. 42:62 states:
 (4) "`Full time' means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work."
 (5) "`Part time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full time.
In Attorney General Opinion 95-178, we found that the Executive Director of the Housing Authority of New Iberia was a full-time position for the purposes of dual office-holding. In contacting the Housing Authority in Slidell, this office was advised that the Executive Director's position is full time employment. Assuming this full time employment meets the *Page 3 
qualifications of § 62(4), at least seven hours a day and thirty-five hours a week, the position of Executive Director is a full time appointive position. The Director therefore is prohibited in § 63D from also holding an elective office.
In conclusion, the Executive Director of the Housing Authority of Slidell, being a full time appointive office, is prohibited under dual office holding from simultaneously holding the elective office of police juror.
If this office can be of any further assistance to you, please do not hesitate to contact us.
 Very truly yours,
 RICHARD P. IEYOUB
 ATTORNEY GENERAL
 BY:__________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL *Page 1 
78 DUAL OFFICEHOLDING
LSA-R.S. 42:61, et seq.; LSA-R.S. 42:63(D); LSA-R.S. 42:62; LSA-R.S.40:495C(1); LSA-R.S. 42:62(9); LSA-R.S. 42:62(2); LSA-R.S. 42:62(3)
The Executive Director of the Slidell Housing Authority may not simultaneously hold the elective office of council member of the Terrebonne Parish Consolidated Government.
Mr. Stephen M. LaRussa
P. O. Drawer 2067
Houma, Louisiana 70361-2067
Dear Mr. LaRussa:
This office is in receipt of your opinion request where you ask us to consider if the Executive Director of the Slidell Housing Authority may also hold an elected position as parish council member of Terrebonne Parish Consolidated Government Parish Council under the Louisiana Dual Officeholding Laws, LSA-R.S. 42:61, et seq. Specifically, you ask us to consider the following:
 (1) Does the position of Executive Director of a housing authority constitute a "full-time appointive office in the government of this state or in the government of a political subdivision thereof" as stated in the prohibititory language of LSA-R.S. 42:63(D):
 (D) No person holding an elective office in political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court. (Emphasis added).
We respond affirmatively. Note that the position of Executive Director of the Slidell Housing Authority is considered a full time appointive office. This conclusion is drawn after application of the definitional section of the Dual Officeholding and Dual Employment Law, contained in LSA-R.S. 42:62, providing in pertinent part: *Page 2 
 (1) "Elective office" means any position which is established or authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, which is not a political party office, and which is filled by vote of the citizens of this state or of a political subdivision thereof.
 (2) "Appointive office" means any office in any branch of government or other position on any agency, board or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
 (3) "Employment" means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof.
 (4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
 (5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full-time.
The position of Executive Director is an appointive office "specifically authorized by the. . . .laws of this state" pursuant to LSA-R.S.40:495C(1), providing:
 C. (1) The authority shall select a secretary who shall be the executive director and chief executive and administrative officer of the authority. He shall serve at the pleasure of the authority. The authority shall fix the compensation of the executive director. (Emphasis added).
Note further that we consider the housing authority to be a political subdivision of the state, as defined in LSA-R.S. 42:62(9): *Page 3 
 (9) "Political subdivision" means a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition for the purposes of this Part, mayor's courts, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, an all other elected parochial officials shall be separate political subdivisions.
We consider the case of Department of State Civil Service vs. HousingAuthority of East Baton Rouge, #95CA1959, (La.App. 1st Cir. 1996) to be supportive of our conclusion that the housing authority is a political subdivision of the state, as the court found public housing authorities to be instrumentalities of the state, at least for purposes of Article X, Section 1, of the 1974 Louisiana Constitution governing civil service systems.
Recently released Attorney General Opinion 96-176 would apply to the current situation, even though it refers to the governing authority position as a police juror and not a parish council member, because the same prohibitions apply. A copy of Attorney General Opinion 96-176 is attached.
 (2) May the Executive Director's contractual relationship with the housing authority serve to make the definitional sections of the dual officeholding laws inapplicable?
In your request, you refer us to Attorney General Opinion 93-190, where this office concluded that the contractual relationship a police juror had with the Assessor's office did not satisfy the requirements of `employment' as defined in LSA-R.S. 42:62(3), so the dual officeholding laws did not apply. This opinion would not control in the current situation, because the office of Executive Director of the Slidell Housing Authority is an "appointive office" as defined in LSA-R.S.42:62(2) and not "employment" as defined in LSA-R.S. 42:62(3).
In conclusion, the Executive Director of the Slidell Housing Authority, a full-time appointive position within a political subdivision of the state, is prohibited by dual office-holding laws from simultaneously holding the elective office of council member of the Terrebonne Parish Consolidated Government.
Any ethical considerations under the Code of Governmental Ethics should be referred to Mr. Gray Sexton, Commission on Ethics for Public Employees, 8401 United Plaza Blvd., *Page 4 
Suite 200, Baton Rouge, Louisiana, 70809.
If this office can be of any further assistance to you, please do not hesitate to contact us.
 Very truly yours,
 RICHARD P. IEYOUB
 ATTORNEY GENERAL
 BY:__________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL *Page 1 
78. . . Officers-Dual Officeholding
22-B. . . Education Colleges and Other Higher Education
10-A. . . State Employees and Dependants
Mr. James R. Patin Vice Chancellor for Business Affairs Louisiana State University Medical Center
Full time or part time state employees may 1440 Canal Street — Suite 1510 not also be employed by branch of Federal New Orleans, Louisiana 70112 government.
State employee may serve as independent contractor to Federal Government establishment.
Mr. James R. Patin
Vice Chancellor for Business Affairs
Louisiana State University Medical Center
1440 Canal Street — Suite 1510
New Orleans, Louisiana 70112
Dear Mr. Patin:
In your letter of March 20, 1980, you requested an opinion clarifying Act 700 of 1979; the comprehensive dual officeholding provision. Specifically you asked if:
 1. Faculty members of the LSU Medical Center may be full-time or part-time employees of the Veterans Administration Medical Center?
 2. Faculty members of the LSU Medical Center may receive consultation income from Veterans Administration?
 3. Part-time university employees may be employed full-time by Veterans Administration?
The Veterans Administration is an independent establishment in the executive branch of the federal government. Congress created the Veterans Administration by statute, 38 USC 201, to deal with laws which provide benefits for veterans.
The Louisiana State University is within the executive branch of state government. *Page 2 
Dual officeholding prohibitions are provided for in R.S. 42:63. Subsection (A) of the statute states in part:
 "No person holding. . . . employment in any of the branches of state government. . . . shall at the same time hold. . . . employment. . . . in the government of the United States. . ."
Employment is defined in R.S. 42:62(3) as
 ". . . any job compensated on a salary or per diem basis other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof."
In answer to your first question, faculty members of the Louisiana State University Medical Center may not also serve as full-time or part-time employees of the Veterans Administration. The faculty members hold employment in state government and therefore, on the basis of R.S.42:63(A), they may not also hold employment in Veterans Administration which is established in a branch of the federal government.
As to your second question, faculty members of the Louisiana State University Medical Center may receive consultation income from Veterans Administration if the consultant is acting as an independent contractor rather than as an employee of the Veterans Administration. Such a relationship is beyond the scope of the dual officeholding provisions. Attorney General's Opinion Number 79-1440 supported this contention and cited factors indicating the presence of the independent contractor/employee relationship. The opinion stated:
 "An independent contractor, as opposed to a servant (employee), usually contracts to do a specific amount of work according to his own methods. The employer exerts little control over the actions of the independent contractor. *Page 3 
 Mode of payment is not decisive in determining whether an employee is actually an independent contractor, though payment by the job indicates the existence of an independent contractor/employee relationship."
These factors do not constitute the sole criteria in ascertaining the presence of an independent contractor/employee relationship.
However, they provide proper guidelines for consideration in determining whether the Louisiana State University faculty member is acting as an independent contractor or employee with respect to the Veterans Administration.
Question three must receive the same answer as question one. Revised Statute 42:63(A) makes no distinction between full time and part-time state employment. A state employee may not also be employed in a branch of the federal government.
In conclusion, dual officeholding provisions prohibit full-time and part-time employees of the state from simultaneously holding employment in a branch of the federal government. There are no relevant statutory exceptions to this prohibition. Revised Statute 42:63(B) allows an employee of an educational institution to simultaneously hold an elective or appointive office. However, this exception is inapplicable to the present opinion which relates only to employment possibilities. Prohibited dual officeholding does not arise if the state employee is merely acting as an independent contractor for the Veterans Administration.
 Very truly yours,
 WILLIAM J. GUSTE, JR.
 ATTORNEY GENERAL
 BY:__________________________
 KENNETH C. DEJEAN
 ASSISTANT ATTORNEY GENERAL